UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TINA LEONARD** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 3:11-cv-00846-SSV-JCW** |
| | * | |
| **SAM'S WEST, INC., d/b/a SAM'S CLUB and XYZ INSURANCE COMPANY** | * | **JURY TRIAL REQUESTED** |
| | * | |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

This is a case brought by Plaintiff as a result of a falling incident which occurred in the parking lot of the Sam's Club located on Airline Highway in Baton Rouge, Louisiana. Under application of Federal law, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law, for the reasons discussed more fully below.

### I. FACTUAL BACKGROUND

This case involves a personal injury claim brought by Plaintiff as a result of a trip and fall incident in the parking lot of Sam's Club, located at 7685 Airline Highway, Baton Rouge, East Baton Rouge Parish, Louisiana. Plaintiff asserts that on or about May 17, 2011, she stepped into a "hole" in the parking lot of the Sam's Club, causing her foot to "go down" and roll to the right side.[1] Plaintiff filed suit on November 23, 2011, against defendant, Sam's East, Inc., incorrectly referred

---

[1] See Exhibit "A," Plaintiff's Deposition at p. 54, ll. 1-12, 22-25, p. 55, ll. 1-2.

to as Sam's West, Inc., (hereinafter referred to as "Sam's Club").

## II. LAW AND ARGUMENT

1. **Summary Judgment Standard**

Summary judgment is appropriate where the pleadings, discovery products, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). A "genuine issue" exists when a reasonable jury could resolve the disputed fact(s) in favor of the non-movant, and a "material" fact is one that might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).[2] Only if the nonmoving party sets forth specific facts and evidence supporting the allegations essential to his/her claim will a genuine issue of material fact be found to exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).[3]

2. **Applicable Substantive Law**

A plaintiff's burden of proof in a negligence claim against a merchant, such as the present case, is set forth in La. R.S. 9:2800.6. Section B of that statute provides the following:

---

[2] In reviewing a motion for summary judgment, a court " . . .must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh evidence." *Reeves v. Sanderson Plumbing, Inc*., 530 U.S. 133, 120 S. Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).

[3] The nonmoving party may not rely upon pleadings, conclusory allegations, unsubstantiated assertions or arguments alone, but instead must come forward with evidence based on personal knowledge that demonstrates the existence of a material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the record taken as a whole does not lead a rational trier of fact to find for the non-moving party, no genuine issue of material fact exists, and the mover is entitled to summary judgment as a matter of law. *Id.*

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B).

Additionally, La. C.C. art. 2317.1 provides that an owner or custodian of a thing is strictly liable for the damage occasioned by its ruin, vice or defect, upon a showing that the owner knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that the owner failed to exercise such reasonable care. La. C.C. art. 2317.1. Thus, under either theory of liability (negligence or strict liability), a plaintiff must prove: (1) that the thing that caused damage was in the custody of the defendant; (2) that the thing was defective because it had a condition that created an unreasonable risk of harm to the plaintiff; and (3) the defective condition of the thing caused the plaintiff's injury. 95-2224 (La. App. 1 Cir. 6/28/96), 676 So.2d 238, 240. Additionally, in order to prove negligence, the plaintiff must prove that the defendant had actual or constructive knowledge of the defect. *Batiste v. Bevan*, 634

So.2d 893 (La. App. 1 Cir. 1993); *Lee v. Magnolia Garden Apartments*, 96-1328 (La. App. 1 Cir. 5/9/97), 694 So.2d 1142.

It is undisputed in this matter that the allegedly defective thing, the parking lot in question, was in the custody of Sam's at the time of the accident. Since the present partial summary judgment motion only relates to liability, there is no need to examine whether the alleged defect caused Leonard's injuries. Thus, the only issue in the present motion relates to whether the parking lot at issue was defective because it had a condition that created an unreasonable risk of harm and, if such a defect exists, whether Wal-Mart had actual or constructive knowledge of that defect.

In order for a defect to present an "unreasonable risk of harm" to persons on the premises, it must be of such a nature as to constitute a "dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Lee v. Magnolia Garden Apartments*, 96-1328 (La. App. 1 Cir. 5/9/97), 694 So.2d 1142, 1150, citing *Tupper v. State Farm Fire & Casualty Company*, 553 So.2d 488, 491 (La. App. 3 Cir. 1989). Hence, not every minor imperfection or irregularity in a thing will result in liability. Furthermore, defendants generally do not have a duty to protect against an open and obvious hazard, which is easily avoidable. *Ardoin v. Lewisburg Water System*, 2007 WL 180 (La. App. 3 Cir. 7/18/07), 963 So.2d 1049); *Hershaw v. Audubon Park Com'n*, 605 So.2d 640 (La. App. 4 Cir. 1992); *Hutchinson v. Knights of Columbus, Council No. 5747*, 2003-1533 (La. 2/20/04), 866 So.2d 228; *Nelson v. Thibaut HG Corp.*, 2007-0515 (La. App. 4 Cir. 1/23/08), 977

So.2d 1055. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. *Ardoin*, at **3. Thus, the degree to which a potential victim may observe a danger is one factor in the determination of whether the condition is unreasonably dangerous. *Id.* The owner of a thing is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to a visitor as it was to the owner of the thing.

Other factors the Court should consider in determining whether a condition is unreasonably dangerous include: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activity in terms of its social utility or whether it is dangerous by nature. Id.

The Louisiana Supreme Court has stated that "the utility of paved parking lots is clearly apparent as unpaved parking lots would present far more hazards." *Reed v. Wal-Mart Stores, Inc.,* 97-1174 (La. 3/4/98); 708 So. 2d 362, 366, See also *Boyle v. Bd. of Supervisors, Louisiana State Unviersity,* 96-1158 (La. 1/14/97); 685 So. 2d 1080, 1083.

The likelihood and magnitude of the harm is low, and likewise is a factor in favor of Defendant, as there had been no reported accidents at this spot prior to Plaintiff's incident, nor

5

had there been any reported accidents subsequent to Plaintiff's. Furthermore, the complained of condition was not in a pedestrian walkway or a high traffic area.[4]

Further, "the cost to eliminate all such minor defects is staggering." *Reed,* 708 So. 2d at 366; See also *Boyle,* 658 So. 2d at 1083. The Louisiana Supreme Court in both *Reed,* 708 So.2d at 366, and *Boyle,* 685 So.2d at 1083, noted the proper cost to consider is not the cost of repairing a single crack in a walkway, but the cost of repairing all similar defects. In *Boyle,* 96-1158 at p. 7, 685 So.2d at 1083, the Court stated:

> The cost of repair to be considered includes not just the minor costs of repairing the single defect in question, but the cost of repairing all similar or worse defects existing in the twenty-two or more miles of sidewalk. Otherwise university officials would be placed in the position of having to predict where the next accident will take place regardless of the relative seriousness of the defect.

In *Reed,* 97-1174 at p. 7, 708 So.2d at 366, the Court stated:

> The cost of repairing the defect is our final consideration. Contrary to the plaintiffs contention that "the defect could have easily been remedied for a minimal amount," the cost to eliminate all such minor defects is staggering. Plaintiffs argument incorrectly assumes that the defendant need only have smoothed the joint at issue. Such a contention simplistically overlooks the reality of the situation. A defendant would have to be able to accurately foresee which crack an individual would trip over. Even an elimination of all such elevation deviations in this entire parking lot would fall short of repairing the defect. To avoid liability, this defendant would have to either eliminate all such "defects" in all of its parking lots and sidewalks or cease doing business. Beyond that, parties having garde of the countless concrete parking lots,

---

[4] See Exhibit "B," Photographs of Condition in Parking Lot, Produced by Plaintiff's Counsel in Discovery, March 7, 2012.

>driveways, sidewalks, and streets throughout the state would likewise have to smooth such surfaces eliminating all elevation deviations of more than 1/4 inch to avoid potential liability. Furthermore, such an enormous expense would not rest with the parties owning the paved surfaces, but rather the cost would be shifted either to the public through taxing in the case of government-owned surfaces or, in the case of privately owned concrete surfaces, to consumers via higher prices in retail or increased fees for contract parking. Beyond the cost of the initial smoothing, maintaining such surfaces free from defects is likely impossible, and is certainly cost-prohibitive.

As in *Boyle* and *Reed,* the appropriate inquiry should be the cost to repair all such minor defects in all sidewalks and parking areas surrounding the shopping center. Due to the continuing settlement which occurs in Louisiana, the cost of repairing all minor defects in every walkway and parking area would be staggering.

Thus, Plaintiff cannot prove that the depression in the parking lot created an unreasonable risk of harm.

3. **Plaintiff is Unable to Make a Prima Facie Case That Wal-Mart is Liable Under Louisiana Law**

The only evidence presented by Plaintiff to show that the indentation in the parking lot created an unreasonable risk of harm is the presence of the indentation. The very presence of the indentation does not create such a dangerous condition that it would be expected that a prudent person using caution and ordinary care in walking in the parking lot would fail to see the indentation and walk around or carefully through it.

Importantly, in Louisiana, it is well-settled property owners are not the insurers of the

7

safety of visitors but only owe a duty to keep their premises in a reasonably safe condition. *LeJeune v. Riviana Foods*, 1997-1091 (La. App. 3 Cir. 2/18/98), 707 So.2d 1038, 1040, *writ denied*, 1998-0749 (La. 5/1/98), 718 So.2d 418. Likewise, not every defect presents an unreasonable risk of harm and a certain degree of imperfection is permitted under the law. In applying the unreasonable risk of harm analysis in a similar case, the Louisiana Supreme Court stated:

> It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints, and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.

*Reed v. Wal-Mart Stores, Inc.,* 97-1174 (La.3/4/98); 708 So.2d 362, 363.

In performing a risk-utility analysis to determine whether the defect presented an unreasonable risk of harm, the Louisiana Supreme Court considered the following factors: (1) the size of the defect; (2) the accident history of the defect; (3) social utility; and (4) the cost of repair. *Id*. at 365-66.

In *Boyle v. Board of Supervisors, Louisiana State University*, 96-1158 (La. 1/14/97); 685 So. 2d 1080, the Louisiana Supreme Court addressed a depression between two (2) concrete sidewalk blocks of ½ to 2 inches deep. (*Id*. at 1082). In performing the risk-utility analysis, the court noted the plaintiff's accident was the first although the "relatively small depression" had existed for several years and was located in a high traffic area. *Id*. at 1083. The court found the

8

utility of sidewalks on university campuses to be obvious, and repairing all such defects on LSU's 22 miles of sidewalk would be cost-prohibitive. *Id*. at 1083-84. As a result, the Supreme Court held a sidewalk depression causing a height difference of 1/4 to 2 inches did not create an unreasonable risk of harm. *Id*. at 1084.

In the instant matter, the depression in the ground has an average depth of approximately 5/8 of an inch, well below the distance held not to be unreasonably dangerous in *Boyle*.[5] Furthermore, like in *Boyle,* the utility of the parking lot is obvious, and repairing all such defects would be cost-prohibitive.

Finally, Plaintiff cannot prove that a Sam's Club employee was aware of the condition complained of. In her deposition, Plaintiff testified that on the date of the accident, she went to the Sam's Club, alone, to grocery shop. Plaintiff had not yet entered the store before the incident occurred. Plaintiff was unable to recall if she looked down at the ground at any time prior to the incident.[6] Plaintiff exited her vehicle and closed her door without incident, wearing sunglasses and carrying only her purse.[7] Plaintiff had taken "maybe five steps" from her car, at which point she stepped into the hole or condition on the surface of the parking lot and her foot "rolled."[8] At this point, Plaintiff fell, catching herself on her knees and forearms.[9] Plaintiff then entered the store and

---

[5] See Exhibit "C," Affidavit of Richard Loudenslager and Attached Photographs, Dated November 14, 2012.
[6] Exhibit "A" at p. 55, ll. 1-21.
[7] Id. at. P. 56, ll. 1-14.
[8] Id. at p. 59, ll. 2-5.
[9] Id. at p. 60, ll. 21-23.

completed her shopping.[10] Plaintiff stated that she observed an irregular shaped "hole" in the ground, although she did not know how deep the depression was.[11]

Aside from recounting the events of the day, Plaintiff's deposition stated the following:

> Q: "Do you know what caused the condition on the ground?"
>
> A: "I would say just age of the concrete itself maybe. I don't really know."
>
> Q: "All right. And how long had it existed? Do you have any idea?"
>
> A: "No, sir."
>
> Q: "Do you know if any Sam's employee knew that condition existed there and had failed to take measures to either mark it off or --"
>
> A: "No, sir. I don't know."[12]

Thus, Plaintiff is clearly unable to establish that Sam's Club employees created the hazardous condition or that the condition existed for such a period of time that it would have been discovered in the exercise of reasonable care.

The deposition of Plaintiff shows that Plaintiff is incapable of presenting evidence that Sam's Club created the condition or had actual or constructive knowledge as required under La. R.S. §9:2800.6. Absent some "positive showing" that a Sam's Club employee was aware of the condition such that the risk of harm was reasonably foreseeable, Plaintiff's claims are insufficient to hold Sam's Club liable. Plaintiff cannot show how the condition came to be on the

---

[10] Id. at p. 67, ll. 13-14.
[11] Id. at p. 70, ll. 9-14.
[12] Id. at p. 70, ll. 24-25, p. 71, ll. 1-10.

ground, how long it had been there, or whether a Sam's Club employee was aware of its presence and failed to act reasonably. Thus, Plaintiff cannot establish the actual or constructive knowledge required under La. R.S. §9:2800.6.[13]

Finally, for the same reasons above, Plaintiff will be unable to establish liability under Article 2317.1. Under article 2317.1 the plaintiff must prove (1) that a vice or defect existed, (2) that it created an unreasonable risk of harm which caused the injury to the plaintiff, and (3) that the owner knew or should have known of the defect.[14] Following the 1996 tort reform, the legislature did away with strict liability for defective things and imposed on the plaintiff the burden of proving that "the defendant either knew or, with the exercise of reasonable care, should have known of the ruin, vice, or defect."[15] The plaintiff also bears the burden of proving the "damage could have been prevented by the exercise of reasonable care and that the defendant failed to exercise reasonable care."[16]

As stated above, Plaintiff has introduced no evidence to establish that Sam's Club employees created the hazardous condition or that the condition existed for such a period of time that it would have been discovered in the exercise of reasonable care.

### III. CONCLUSION

Summary judgment is appropriate in this matter because Plaintiff has failed to present

---

[13] Babin, *supra*.
[14] *Player v. Baker*, 42,451 (La. App. 2 Cir. 9/19/07); 965 So.2d 984, 987.
[15] *Id.* at 987
[16] *Riggs v. Opelousas General Hosp. Trust Authority,* 2008-591 (La. App. 3 Cir. 11/5/08); 997 So.2d 814, 817.

evidence that the depression in the parking lot presented an unreasonable risk of harm.  Plaintiff has also failed to present evidence that Sam's, or any employee thereof, had actual or constructive notice of the presence of the depression in the parking lot. There is no genuine issue of material fact due to the lack of factual support for an essential element of Plaintiff's claim. Accordingly, this Honorable Court must grant summary judgment in favor of defendants in this matter, dismissing Plaintiff's claims in their entirety against Sam's East, Inc., with prejudice, at her cost.

**Respectfully submitted,**

*/s/ Isidro René DeRojas*
**THOMAS P. ANZELMO, T.A., Bar No. 2533**
**ISIDRO RENÉ DEROJAS, Bar No. 18182**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
3445 N. Causeway Boulevard, Ste. 800
Metairie, LA   70002
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
*ATTORNEYS FOR DEFENDANT,*
*SAM'S EAST, INC*.

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 20th day of November, 2012, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Middle District of Louisiana ECF system.

*/s/ Isidro René DeRojas*
**ISIDRO RENÉ DEROJAS**