```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF LOUISIANA
```

TINA LEONARD                              CIVIL ACTION

VERSUS                                    NO: 11-846

SAM'S WEST, INC                           SECTION: R

## ORDER AND REASONS

Defendant moves for summary judgment. For the following reasons, the Court grants defendant's motion.

## I.   BACKGROUND

While exiting her vehicle, Tina Leonard stepped in a depression in a Sam's Club concrete parking lot. She fell and sustained injuries. Leonard's brings claims against Sam's Club for her injuries. Defendant now moves for summary judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the

evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court must draw all reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

2

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

**A. Plaintiff Must Prove the Defect Was Unreasonably Dangerous**

To prove a negligence claim against a merchant a plaintiff has the burden to show (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable, (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence, and (3) the merchant failed to exercise reasonable care. La. Rev. Stat. Ann. §9:2800.6(B) (establishing burden of proof for premises liability claims against merchants).

To prove a claim under La. Civ. Code Ann. 2317.1, a plaintiff must show (1) that the defendant knew, or in the

3

exercise of reasonable care, should have known of the defect which caused the damage, (2) that the damage could have been prevented by the exercise of reasonable care, and (3) that defendant failed to exercise reasonable care. La. Civ. Code Ann. 2317.1 (defining the basis for liability for damage caused by things under one's garde).

Under either theory of liability, a plaintiff must prove: "(1) the defendant either owned or had care, custody, or control of the thing in question; (2) the thing was a cause-in-fact of the plaintiff's injuries; and (3) the thing presented an unreasonable risk of harm." *Llorence v. Broadmoor Shopping Ctr., Inc.*, 76 So. 3d 134, 137 (La. Ct. App. 2001) (quoting *Bethea v. Great Atl. & Pac. Tea Co.*, 22 So. 3d 1114, 1115 (La. Ct. App. 2009); *Summerville v. La. Nursery Outlet, Inc.*, 676 So. 2d 238, 240 (La. Ct. App. 1996).

Defendant concedes that it had custody of the parking lot in question, but argues that plaintiff cannot establish a genuine issue of material fact as to whether the depression in the parking lot created an unreasonable risk of harm or whether Sam's Club had constructive knowledge of the defect.

**B. Plaintiff's Evidence Does Not Create an Issue of Material Fact**

The Louisiana Supreme Court has at least three times addressed whether variations in the surface of sidewalks or parking lots constitute an unreasonable risk of harm. *See Reed v.*

*Wal-Mart Stores, Inc.*, 708 So. 2d 362 (La. 1998); *Boyle v. Bd. of Supervisors, La. State Univ.*, 685 So. 2d 1080 (La. 1997); *White v. City of Alexandria*, 43 So. 2d 618 (La. 1949). In the first two of the cited cases, the Supreme Court found manifest error in the trial court's findings that uneven paving constituted an unreasonable risk of harm. In *Boyle*, the Court examined a depression of up to one-inch in a sidewalk on the LSU campus. *Boyle*, 685 So. 2d at 1082. In *Reed,* the Court considered a variance of up to one-half inch in an expansion joint in a Wal-Mart parking lot. *Reed*, 708 So.2d at 365. The *Reed* Court explained that the law does not require paved surfaces to be smooth:

> It is common for the surfaces of streets, sidewalks, and parking lots to be irregular. It is not the duty of the party having garde of the same to eliminate all variations in elevations existing along the countless cracks, seams, joints and curbs. These surfaces are not required to be smooth and lacking in deviations, and indeed, such a requirement would be impossible to meet. Rather, a party may only be held liable for those defects which present an unreasonable risk of harm.

*Reed*, 708 So. 2d at 363.

In determining whether a paving defect presented an unreasonable risk of harm, the Louisiana Supreme Court also considered the size of the defect, its location, and the accident history of the defect. *Reed*, 708 So. 2d at 363-64; *Boyle*, 685 So. 2d at 1083-84. The Court also considered the gravity and risk of harm against the cost and feasibility of repair, social

5

utility, and individual and societal rights and obligations. *Reed*, 708 So. 2d at 363-64. In *Reed*, the Court observed that "the utility of paved parking lots is clearly apparent" and that the cost of maintaining the surface free from defects is "cost-prohibitive." *Id.* at 365-67. Similarly in *Boyle*, the Court noted that the utility of sidewalks was clear, and the cost of repairing all similar or worse defects led to the conclusion that the defect was not an unreasonable danger. *Boyle*, 685 So. 2d at 1083-84; *see also White*, 43 So. 2d at 620 (noting that "maintaining [sidewalks] in perfect condition is not necessary.").

Furthermore, in the summary judgment context, Louisiana courts have not hesitated to grant summary judgment in favor of defendants in cases in which the nature of the condition is undisputed, and plaintiff has provided no evidence of any unusual feature of the condition suggesting that it is unreasonably dangerous. *See, e.g.*, *Dowdy v. City of Monroe*, 78 So. 3d 791, 798-799 (La. Ct. App. 2011) ("A review of the jurisprudence reveals that the appellate courts have resolved on motions for summary judgment the issue of whether a condition presented an unreasonable risk of danger."); *Leonard v. Parish of Jefferson*, 902 So. 2d 502 (La. Ct. App. 2005) (affirming trial court's grant of summary judgment where plaintiff slipped on a sidewalk height

6

differential of over one inch); *Reitzell v. Pecanland Mall Assocs.*, 78 So. 3d 1229, 1233-34 (La. Ct. App. 2003).

**C. Defendant is Entitled to Judgment as a Matter of Law**

First, considering the size of the defect in this case, it is undisputed that the depression that plaintiff slipped on was located in a parking space and was eight inches long. It had an average depth of five-eighths of an inch and its deepest point was seven-eighths of an inch.[1] As noted, the Louisiana Supreme Court has held that similar depressions and variances in walkways were not unreasonably dangerous. *See e.g.*, *Reed*, 708 So. 2d at 365 (holding that a one-half inch depression was not unreasonably dangerous); *Boyle*, 685 So. 2d at 1082 (depression of one inch to two inches did not present an unreasonable risk); *White*, 43 So. 2d at 620 (holding that a variance in a sidewalk of one-half inch to two inches did not present an unreasonable risk of harm).

Second, the location of the depression and the absence of accident history also support a finding that the condition was not unreasonably dangerous. Defendant provided an affidavit of the "asset protection associate" at the Sam's Club, who stated that Leonard's accident was the only reported incident in connection with the alleged defect, and that it was located in a parking space, not a "designated pedestrian walkway or a high

---

[1] R. Doc. 18-3 at 1; R. Doc. 17-8 at 4; R. Doc. 17-6 at 2.

traffic area."[2] These factors suggest that the likelihood and magnitude of potential harm were low. *See Llorence*, 76 So. 3d at 137 (noting that "there had been no claims, complaints, or suits arising out of the area either before or since the plaintiff's claim" when holding that an area was not unreasonably dangerous on summary judgment); *Kendall v. Weingarten Realty Mgmt. Co.*, 769 So. 2d 171, 175 (La. Ct. App. 2000) (affirming that a pothole was not unreasonably dangerous when it "was located in a place where a vehicle would normally be parked"). *Reitzell*, 78 So. 2d at 1233; *Dowdy*, 78 So. at 797.

Third, under similar circumstances, the Louisiana Supreme Court has recognized that although the cost of repair of a particular depression might be minimal, the "cost to eliminate all such minor defects is staggering." *Reed*, 708 So. 2d at 366. The Court further noted that the cost of "maintain[ing] such surfaces free from defects is likely impossible, and is certainly cost-prohibitive." *Id.; see also Boyle*, 685 So. 2d at 1083-84.

Finally, as Louisiana courts have repeatedly affirmed, a paved parking lot has social utility and is not dangerous by nature. *Kendall*, 769 So. 2d at 175 (noting that courts faced with slip and fall cases in parking lots "consider the utility of the pave parking lot in light of the alternative-an unpaved parking lot); *Dowdy*, 78 So. 3d at 799 ("Clearly, the use of the public

---

[2]   R. Doc. 17-6 at 1.

facility by the plaintiff and all pedestrians has social utility.").

Accordingly, considering the factors outlined by Louisiana law, the Court finds that plaintiff's evidence of the depression in the parking lot is not sufficient to create a genuine issue of fact of whether it was unreasonably dangerous. Because the Court finds that the plaintiff has not met her burden to prove that the defect was unreasonably dangerous, the Court need not address the issue of constructive notice. *See Boyle*, 685 So. 2d at 1084 ("Our finding that no defect cognizable under Article 2317 existed renders unnecessary any discussion fo constructive notice under LSA-R.S. 9:2800.").

## IV. CONCLUSION

For the above reasons, defendant's motion for summary judgment is granted.

New Orleans, Louisiana, this 9th day of January, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF LOUISIANA